IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. SRADER,

                Plaintiff,

                                    CIVIL ACTION
        vs.                         No. 10-3211-SAC

USMS DEPUTY SUPERVISOR, et al.,


                Defendants.


MEMORANDUM AND ORDER


        This matter comes before the court on a *Bivens*-type civil rights complaint filed by a prisoner in federal custody. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

_____

[1]

        Because the financial records attached to the motion for leave to proceed in forma pauperis reflect a negative balance, the court does not impose an initial partial filing fee.  Plaintiff is advised that he is obligated to pay the balance of the statutory filing fee of $350.00 in this action.  The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

*Screening*

Because plaintiff is a prisoner proceeding in forma pauperis, the court must conduct a preliminary screening of the complaint and dismiss any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff sues a United States Marshal and a United States Deputy Supervisor.  He asserts that on September 27, 2010, he was refused a lunch meal at the United States Courthouse, Kansas City, Kansas, after he complained loudly about being hungry, and thereafter was placed in a secluded holding cell in that building.  He states that he became fatigued and nauseated, began to kick a bench, fell, and was unconscious.  He states he was denied medical treatment; however, he acknowledges that he was seen by a nurse after he was returned to his custodial facility, and, in an affidavit he completed a few weeks after he commenced this complaint, he states he has seen a physician. Plaintiff claims he suffered some nerve damage.

Plaintiff submitted medical records that show that on the day following his placement in the holding cell, he had "reddened areas" on his wrists and that his hands were cold to the touch with mild discoloration.  He was provided Tylenol and

2

advised to rub his hands together to stimulate circulation. (Doc. 5, Attachments.)

*Analysis*

The Eighth Amendment, which bans cruel and unusual punishment, requires prison officials to provide humane conditions of confinement, including reasonable safety from serious bodily harm. *Tafoya v. Salazar,* 516 F.3d 912, 916 (10th Cir. 2008) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm." *Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997)(internal quotation marks and citation omitted).

The subjective component of deliberate indifference requires more than negligence or gross negligence on the part of a defendant. *Berry v. City of Muskogee, Oklahoma,* 900 F.2d 1489, 1495-96 (10th Cir. 1990)(citation omitted). Rather, a defendant official acts with unconstitutional deliberate indifference only where the conduct "disregards a known or

3

obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry,* 900 F.2d at 1496.

Here, the defendants placed plaintiff in an isolated area after he became disruptive.  The decision to move plaintiff away from other inmates due to his behavior was reasonable.

While plaintiff states in his complaint that he had been sleeping and eating poorly due to the recent loss of a family member, and that his condition caused him to be weak, there is no suggestion the defendants were aware of this.  Defendants were in contact with plaintiff through an intercom system and were able to monitor his conduct to at least some degree.

Next, while plaintiff requested medical attention, it appears there was a delay, but not a denial, of such evaluation until plaintiff was returned to the correctional facility a few hours later.  He was seen by a nurse and was returned to his cell.  This scenario does not support a claim that plaintiff suffered a serious medical injury that would have been obvious to the defendants, nor does it establish deliberate indifference or any violation of plaintiff's protected rights.  The court concludes the complaint suggests, at most, negligent conduct. Such behavior, however, does not state a claim for relief under § 1983.

Accordingly, the court is considering the dismissal of this

4

matter for failure to state a claim upon which relief may granted and will direct plaintiff to show cause why this action should not be dismissed.

Plaintiff moves for the appointment of counsel. A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court has considered the record and finds no basis to appoint counsel. The facts and legal issues involved do not appear to be unusually complicated, and the plaintiff is able to state his claims for relief clearly.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall proceed as set forth herein.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED plaintiff's motion for order (Doc. 5), which the court construes as a motion to supplement the complaint with medical reports, is granted.

IT IS FURTHER ORDERED plaintiff's motion to file certain

other medical records under seal (Doc. 6) is granted for the limited purpose of allowing the court to conduct the necessary screening of this action.

IT IS FURTHER ORDERED plaintiff is granted to and including September 6, 2011, to show cause why this matter should not be dismissed for failure to state a claim for relief.  The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 3rd day of August, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

6